UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVE BONVISSUTO<br>6732 Connecticut Colony Circle<br>Mentor, Ohio 44060 | )<br>)<br>)<br>) | CASE NO. |
| Plaintiff | )<br>) | JUDGE |
| v. | )<br>) | |
| CITY OF CLEVELAND<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>(**Jury Demand Endorsed Hereon**) |

Now comes Plaintiff, Eve Bonvissuto (hereinafter "Plaintiff"), by and through undersigned counsel and for her Complaint against Defendant, the City of Cleveland (hereinafter "Defendant") states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit against Defendant as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half (1-1/2) times her regular rate of pay for all of the hours she worked over forty (40) hours each week, in violation of the Fair Labor Standards Act ("FLSA"), 29 USC §201-219 and ORC § 4111.01, *et seq*.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 USC §1331.

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue lies in this court pursuant to 28 USC §1391(b) and Civil Rule 3 because a substantial portion of the events and/or omissions giving rise to Plaintiff's claims occurred in Cleveland, Cuyahoga County, Ohio which is within this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of either Cuyahoga or Lake County, Ohio.

6. At all times relevant herein, Plaintiff was an employee as defined by 29 USC §203(e) and ORC § 4111.01, *et seq*.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 USC §203(d) and/or 29 CFR §825.104(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 USC §203(r).

## FACTUAL ALLEGATIONS

### (Failure to Pay Overtime Compensation)

9. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

10. Plaintiff was initially employed by Defendant in November of 2019 as in Assistant Administrator in the Department of Public Safety Medical Unit.

11. Although Plaintiff's position was a newly created position, many of her job functions were previously performed and continue to be performed by non-exempt employees.

12. Plaintiff's job duties and responsibilities include performing major daily and project/program based administrative duties, recommending and administering divisional/departmental policies and procedures and preparing regular and special reports related to divisional/departmental operations.

13. Plaintiff did not supervise employees, have the authority to hire, fire or promote employees, nor did she to direct the work of two or more employees.

14. Plaintiff did not perform office work directly related to the management or general business operations of Defendant, nor did she exercise discretion and independent judgment with respect to matter of significance.

15. Plaintiff did not possess advanced knowledge in the field of science or learning acquired by a prolonged course of specialized intellectual instruction.

16. While employed by Defendant, Plaintiff's salary ranged from $58,503.15 to $62,084.05; however, the Human Resources roster lists Plaintiff as an hourly employee.

17. In March of 2020, as a result of the Pandemic, Plaintiff was instructed to work from home.

18 Initially, Defendant did not use a timekeeping system to record Plaintiff's hours; however, Plaintiff kept a handwritten list of all hours worked while working from home.

19. In approximately June of 2020, Defendant instructed Plaintiff to submit weekly timesheets which were reviewed and approved by her supervisor.

20. Since March of 2020, Plaintiff has consistently worked in excess of 40 hours per week.

21. At the height of the pandemic, Plaintiff worked on average on excess of 25 hours per week.

22. In approximately January of 2022, Plaintiff asked her supervisor if she was entitled to time and a half for all hours worked over 40 each week.

23. On January 25, 2022, Plaintiff met with her Supervisor and Defendant's Legal Department to discuss Plaintiff's entitlement to overtime compensation.

24. Defendant acknowledged that Plaintiff worked more than 40 hours per week.

25. Defendant acknowledged that employees had been misclassified and that Defendant was in the process of reviewing and updating employee classifications.

26. Despite further inquiries, Defendant has not compensated Plaintiff for the overtime she has worked, nor has Defendant reclassified Plaintiff's position.

27. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours she worked over 40 hours each work week.

## COUNT ONE

**(Fair Labor Standards Act Violations)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendant failure to pay overtime compensation at the rate of one and one-half (1-1/2) times her regular rate of pay for all of the hours Plaintiff worked over forty (40) in a work week violated the FLSA, 29 USC §§201-219.

30. Defendant failure to keep accurate records of all of the hours worked for each work day and the total hours worked each work week by Plaintiff violated the FLSA, 29 CFR §516.2(a)(7).

31. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendant practices and policies, Plaintiff has been damaged in that she has not received overtime compensation due her pursuant to the FLSA.

## COUNT TWO

**(Ohio Overtime Violations)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

35. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

36. Defendant's failure to lawfully compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

37. Defendant is therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Kristen M. Kraus*
Kristen M. Kraus (#0073899)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
kmkraus@dworkenlaw.com
rselby@dworkenlaw.com

## **JURY DEMAND**

Now comes Plaintiff, by and through her counsel, and demands that this case be tried before a jury of the maximum number allowed by law.

                                                       */s/ Kristen M. Kraus*
                                                       Kristen M. Kraus (#0073899)